**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| JANE DOE ) | CASE:  23CV440 |
|     PLAINTIFF, ) | |
|     v. ) | |
| ) | |
| KIMBERLY O'CONNOR, (Ind Cap), ) | |
| KIMBERLY COX, (Ind Cap), ) | |
| OSCAR MARTINEZ, JR. (Ind Cap), ) | |
| TODD WASMER (Ind Cap), ) | |
|     DEFENDANTS. ) | |

<u>COMPLAINT FOR MONETARY & EQUITTABLE RELIEF</u>

**Introduction**

**NOW COMES Plaintiff JANE DOE** (a female and a Lake County, Indiana correctional officer at the

Lake County Jail), by counsel, and files this complaint for sex discrimination, hostile work environment

and sexual harassment (to include threats by Lake County through agents, to subject Plaintiff to

"revenge porn"); as well as claims for retaliation where in September 2023, Plaintiff was retaliated

against for her refusal to resign as an officer, under a threat by Defendants, esp., Defendant O'Connor

(and based upon reasonable information and belief Defendant Sheriff Martinez was aware of the threat).

And that Defendant O'Connor is the Lake County Jail's (Sheriff's Department) assistant warden. Warden

O'Connor reports to Sheriff Martinez. And that Defendant O'Connor gave Plaintiff two choices, the first

of which was to resign or that she (inclusive of the Lake County Indiana Sheriff's Department under Mr.

Matinez's headship) would publish/make public –by publication to the media [and therefore on the

Internet], a video of Plaintiff giving oral sex to a man. Defendant O'Connor told Plaintiff that her family

members would watch her and see that it is their daughter, etc., on video, giving oral sex to a man.

O'Connor added the words that upon Plaintiff's father "watching the video*: "It will make your father*

*sick!"* (Plaintiff's father is a retired law enforcement officer). Plaintiff refused to give into the extortive threat and was immediately suspended by Defendants Martinez, O'Connor and Wasmer, inter alia. Thereafter on October 16, 2023, Plaintiff was disciplined by Defendant Cox and Martinez and cited with violation of the Sheriff's policies (see attached Ex A) where Plaintiff had earlier refused to resign and --in retaliation for Plaintiff having complained to the Sheriff's Departments and its supervisors on multiple occasions (as well as in a complaint filed with EEOC) of sexual harassment and sexually hostile work environment.[1] Defendant O'Connor added that with the publication of the video in the media (Internet) Plaintiff would also have to endure the shame of termination by Sheriff Martinez/the Lake County, Indiana Sheriff's Department.

Plaintiff did not perform oral sex and that any video held by Defendants of a woman giving oral sex to man does not involve the Plaintiff as a participant or as an observer or in any other role. Nor has Plaintiff engaged in any other sexual activity on any other day or at any other time.

When on September 19, 2023, Plaintiff denied that she gave oral sex to a supervisor, Defendant O'Connor stated among other things"

**"You're a fucking liar. I've known you for two years, do not play these lying bullshit ass games with me little girl."**

### JURISDICTION & VENUE

(1)    Jurisdiction of this court arises under 28 U.S.C. §1331;  42 U.S.C. §1983 (and, for fees by way of §1988); the First Amendment;  the 14th Amendment without the Equal Protection Clause; and second claim implicating the 14 Amendment with the Equal Protection Clause.

---

[1] Plaintiff has filed a Form 5 with the EEOC.  At such time that the EEOC provides a right to sue letter, the Plaintiff will cause (and or seek leave to cause) a filing an amended complaint to include 42 USC 2000e averments.

(2)      Venue is had through 28 U.S.C. § 1391 and 2000e-5(f)(3). Defendants are residents in the geographic area for which the germane U.S. District Court is located; and that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

(3)      Plaintiff **JANE DOE** is female, and a legal adult and a resident of Lake County, Indiana. Plaintiff was harmed by the Defendants in Lake County, Indiana.  She is employed as a correction officer by the Lake County, Indiana Sheriff's Department which has a principal address of 2293 N. Main Street, Crown Point, IN 46342.

(4)      Defendant **Kimberley O'Connor** is a legal adult, and believed to be a resident of  Indiana. She is a state actor sued in her individual capacities. At all times herein, she was a supervisor of the Plaintiff.  O'Connor (was at all times relevant) is employed as the assistant warden of the Lake County Jail. At present and at all times relevant, she reports or reported to Warden Wasmer and Sheriff Oscar Martinez.

(5)      Defendant **Kimberely Cox** is a legal adult, and believed to be a resident of  Indiana. She is a state actor sued in her individual capacities. At all times herein, she was a superior to the Plaintiff. Cox is (and was at all times relevant) employed a deputy warden at the Lake County Jail. At present at all times relevant, she reports or reported to Warden Wasmer and Sheriff Oscar Martinez.

(6)      Defendant **Oscar Martinez, Jr.,** is a legal adult, and believed to be a resident of  Indiana. He is a state actor sued in his individual capacities. At all times herein, he was a superior to the Plaintiff. Martinez is (and was at all times relevant) employed and elected and or appointed  as the Sheriff of Lake County Indiana. At present and at all times relevant, he supervised Warden Wasmer, Warden O'Connor, and Warden Cox.

(7)   Defendant **Todd Wasmer** is a legal adult, and believed to be a resident of  Indiana. He is a state actor sued in his individual capacities. At all times herein, he was a superior to the Plaintiff. Wasmer is (and was at all times relevant) employed as the Warden of Lake County, Indiana Jail. At present and at all times relevant, he supervised Warden O'Connor, and Warden Cox. Mr. Wasmer reports to Defendant Martinez.

## FACTS

( 1 )   Plaintiff is female.

( 2 )   Plaintiff is employed by Lake County, Indiana as a correctional officer.

( 3 )   Plaintiff is assigned to the Lake County Jail as a member of the Lake County, Indiana Sheriff's Department.

( 4 )   Defendant Oscar Martinez Jr. is the Sheriff of Lake County and was the Sheriff at all times relevant in the instant lawsuit.

( 5 )   In 2021 as well as in 2022-23 (Morgan doctrine implicated), there were false statements and rumors spread and spoken by Lake County Sheriff's employees including supervisors, by example Sergeant Schorle who erroneously communicated that Plaintiff was giving oral sex to multiple men at the jail. As well, there were supervisors who perpetuated rumors, e.g., Sgt. Sgt Zomanty) that Plaintiff was a woman of disrepute to include having oral sex (contact of the mouth and penis) to one specific fellow employee (a supervisor) as well as to unknown inmates. Additionally, Plaintiff was subjected to groping from a supervisor and on one occasion a note was placed on her car that a reasonable person knowing the Lake County Indiana Sheriff's Department work environment under Mr. Martinez's and Mr. Wasmer's leadership, would construe as a threat of sexual violence toward the Plaintiff based on the reputation supervisors (including O'Connor) had created for the Plaintiff.  Plaintiff reported the note to Sgt David Akey, Sgt Gretchen Omamuli, and to Sgt. Yolunda Brown and the Lake County Indiana Sheriff's

4

Department did absolutely nothing substantive to address the note and to stop the rumors and statements.  No reasonable steps (jurisprudence requisite) were taken to address the sexually hostile work environment, instead supervisors at the jail amplified and exacerbated the rumors and disgusting sexual mistreatment of the Plaintiff.

( 6 )    Plaintiff complained to management (supra, as described above) that the statements and rumors were false, threatening, humiliating [for any woman], and, made her work environment very, very uncomfortable, unsafe, and sexually hostile.

( 7 )    On or about September 19, 2023, Plaintiff was ordered to appear in Defendant\Warden O'Connor's office.

( 8 )    It was there that O'Connor told the Plaintiff that she had a video of the Plaintiff giving oral sex to a Sheriff's Department supervisor.

( 9 )    O'Connor told Plaintiff that she had two choices:

**Choice #1:** she could resign immediately;  [ o r ]

**Choice # 2:** that O'Connor (understood as O'Connor with Oscar Martinez/Sheriff's Department, inter alia in the jail and in the Sheriff's Department Leadership) would send to the media… –as in publish a video of Plaintiff performing oral sex-- by providing the media (as in the press and on online posts), an alleged video of the Plaintiff giving oral sex to Sheriff's Department supervisor. And that additionally, she (the Plaintiff would be terminated joined with the pornography placed on the Internet through the media). Plaintiff was told by Defendant O'Connor that her (Plaintiff's) "family would see the video" and that it would be "embarrassing for her' (Plaintiff) and –as said by O'Connor: "for your family" – "it would make your father sick!"

5

( 1 0 )  Plaintiff refused to resign and immediately thereafter, as retaliation by Defendants Martinez, Wasmer, and O'Connor, was placed on suspension/administrative leave to include having been stripped of her law enforcement powers.

( 1 1 )  Plaintiff requested to view the purported video and was denied.

( 1 2 )  O'Connor added that Plaintiff gives oral sex to inmates.

( 1 3 )  While Plaintiff was on leave, the Plaintiff complained to the EEOC (in October 2023) as to the sexual harassment by the Defendants.

( 1 4 )  Thereafter, in retaliation, the Plaintiff was disciplined for the alleged oral sex conduct, yet the video was not produced. (See Ex. A with her name redacted) and that the discipline was initiated, penned, caused and implemented by Defendants Cox, Martinez, O'Connor, and Wasmer.

( 1 5 )  In the interim, after Plaintiff file a charge with the EEOC, a Lake County attorney engaged in email traffic with the EEOC. Namely conduct that could be interpreted by a small school of thought as an inquiry, however by larger school of thought, as an obstruction of administrative justice. The attorney's email communication to the EEOC could legitimately be described as an attempt to cause the EEOC to refrain from a ruling (that if favorable to Plaintiff) would in the eyes of Lake County, stifle Sherriff Martinez's likelihood of prevailing at an/the administrative trial –in front of the Sheriff's merit board-- in which the Plaintiff would be charged with oral sex…. and that Martinez wants a conviction with termination. An action in which Plaintiff would be brought before Defendant Sheriff Martinez's merit board to answer to charges of lewd conduct (as described, supra) and the sanction if she lost would be termination of employment.

( 1 6 )  Plaintiff has not given oral sex to Oscar Martinez's supervisors or inmates.  The Defendants allegations are false to include knowingly made false allegations, intentionally made false allegations, willfully and wantonly made false allegations.

（１７）The Lake County Sheriff's Department along with Defendants sued herein, in their individual capacities, knew and should have known that Department employees were spreading statements and rumors that Plaintiff was giving oral sex… to inmates and at least one employee. The Sheriff's Department (soon to be named as Defendant pursuant to 42 USC 2000e once a RTSL issues and for which an amended complaint will follow) joined by the Defendants, failed to take reasonable steps to address and prevent the sexual harassment and its correlated hostile work environment.

（１８）As a woman, in the workplace, Plaintiff should have been free of such sexual harassment and hostile work environment.

（１９）It was only after an email to the Lake County Indiana Sheriff's Department (promising a lawsuit…) joined with a complaint to the EEOC (both while Plaintiff was on suspension) that the Defendants and Sheriff communicated to Department employees that the sexual statements and rumors must cease; however, by this time (so much time had passed), Plaintiff was already perceived as a woman of disrepute (her US Constitutional substantive bodily integrity rights already infringed upon beyond repair) because of the inaction of the Defendants (and soon to named defendant, namely Lake County, Indiana),

（２０）Plaintiff's hostile work environment represents that she has been subjected to altered terms and conditions of employment by way of sexual harassment and hostile work environment as well by the revenge porn threat.

（２１）Plaintiff has been retaliated against by Defendants, for having complained of sexual harassment, sex discrimination, and hostile work environment and refusing to give into a revenge porn action.

7

( 2 2 )  The retaliation has been exacerbated by Defendants having administratively charged the Plaintiff (on October 16, 2023, and on December 1, 2023) because she complained to the EEOC and Sheriff's Department supervisors and leaders, etc.

**( 2 3 )**  Because Plaintiff has exercised her First Amendment right to complain of sexual harassment by Defendants, she is and continues to the be subject of retaliation. The retaliation includes: (a) the October 2023 disciplinary citation/document denoted as EX A; (b) the ongoing threat that a video of woman giving oral to sex to man will make its way to the Internet –**by the Sheriff's Department's own unabashed admission and action—**as well, the Sheriff's Department will identify the Plaintiff by name as the person giving the oral sex; and (c) lastly, the ongoing attempt to dissuade the Plaintiff from further complaints of sexual harassment employment --post the EEOC complaint and retaliation for her refusal to resign to avoid publication to the media of pornography for which **Defendant O'Connor told Plaintiff her –her family members would watch her on video, giving oral sex to a man.**

( 2 4 )  Plaintiff was subjected to above-described retaliation, harassment, extortion, perverse terms and conditions of employment, and hostile work environment, because her sex is female and because she complained (protected speech) and refused to give into the extortion/ revenge porn sexual harassment.

( 2 5 )  But for Plaintiff being female, she would not have been subject to deprivation of her rights.

( 2 6 )  But for Plaintiff having engaged in protected speech (e.g., EEOC complaint in particular as well as complaints and reports to supervisors), she would not have been subject to deprivation of her rights.

8

**COUNT I: 42 U.S.C. § 1983 (1st Amendment & 14th Amendment Property Interest; & 14th Amendment Equal Protection)**
**Retaliation, Sex Harassment, Hostile Work Environment by Supervisors O'Connor, Wasmer, Cox, & Martinez by way of Threatening Revenge Porn & Depriving Plaintiff of a Work Environment free of Harassment and that all Defendants Failed to Protect the Plaintiff & Failed to supervise Subordinates (against all Defendants)**

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint (including the introduction), especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as part and parcel of Paragraph 1 of this count. (Once again: The facts section is to be read as Paragraph 1 of this count).

(2)     Defendants, under color of law, deprived Plaintiff of her civil rights because she is female and because she engaged in protected speech.

(3)     The Plaintiff holds a 14th Amendment property interest in her continued employment.

(4)     The Plaintiff holds a fundamental right not to be treated differently because she is a woman.

(5)     The Plaintiff holds a substantive due process right not be subjected to conduct which violates her bodily integrity.

(6)     The Plaintiff being female was both a "but for" and motivating factor as to conduct for which she was subjected (see facts section incorporated herein).

(7)     Similarly situated males were not deprived of their civil rights as the Defendants did not sexually harass them, nor were male employees erroneously humiliated and described as giving men oral sex; nor were any male employees accused of giving oral sex to employees or inmates; and nor was a male employee's 14th Amendment property interest in continued employment with the Lake County, Indiana Sheriff's Department infringed upon by way of threat of revenge porn (to include the

Sheriff's Department online publication of a female giving a male oral sex and that Lake County government joined with the Defendants would publish Plaintiff's name along with the purported video).

(8)     Similarly situated males were not subject to sexually hostile work environment or one permeated with sexual misconduct, verbiage, and extortion for which a reasonable woman would be offended.

(9)     Defendants intentionally failed to protect the Plaintiff from sexual harassment and a sexual hostile work environment.

(10)     Plaintiff was subjected to a hostile work environment for reasons and bases which include: (a) she was subject to unwelcome harassment, (b) the harassment was based on her sex; (c) the harassment was so severe and pervasive as to alter her conditions of employment and to create a hostile and abusive working environment, and (d) there is a basis for employer liability.

(11)     Defendants threatened (or acquiesced) that a pornographic image and video of Plaintiff would be published/made public, namely a purported video of Plaintiff giving oral sex to a man and that publication by the Sheriff's Department would not occur if she resigned.

(12)     The defendants: (a) intentionally treated Plaintiff differently from others who were similarly situated, and (b) there was no rational basis for the difference in treatment and that as well, the cause of the differential treatment was an illegitimate animus towards her.

(13)     Defendant Martinez was personally involved in all misconduct averred within for reasons which include (not an inclusive list) that when Plaintiff would not give into the extortion, Sheriff Oscar Martinez sent Plaintiff a letter dated September 29, 2023, and in it, ordering her to present herself to an internal affairs investigator. Thereafter Martinez caused her to be disciplined on October 16, 2023, and that on December 1, 2023, he filed additional disciplinary charges against the Plaintiff this time seeking termination.

(14)    Sheriff Oscar Martinez was personally involved in all actions averred by the Plaintiff and that he was and is aware of:

a)  the harassment of Plaintiff  (to include alterations of terms and conditions of employment as well as the sexual harassing statements and conduct of  supervisors and line workers);

b) Plaintiff's hostile work environment;

c) And the retaliation (in which Martinez has and continues to participate) to and against the Plaintiff where he approved the investigation of Plaintiff (retaliation) and where he (Martinez) is here and now seeking that his Sheriff's Merit Board terminate the Plaintiff (part and parcel of subjecting Plaintiff to a hostile work environment and sexual harassment, since Plaintiff is still in the employ of the Sheriff's Department).

(15)    Based on reasonable information and belief coupled with email traffic, Martinez, Cox, O'Connor, Wasmer were aware of the EEOC Complaint,  as well each was and is aware of the contents of the October 19, 2023, email to Lake County and its attorneys complaining of sexual harassment of the Plaintiff.  The recipients include the warden and chief of the Lake County Sheriff's Department Police as shown below (but not an inclusive list, rather a cut and paste from the email with redactions represented as a straight blank line): Internal Affairs, "Doug McClusky (_____@lakecountysheriff.com)" <"Chief Balbo (_____@lakecountysheriff.com)" ; "Warden Wasmer (_____@lakecountysheriff.com)."

(16)    It was after (and a result of) the October 19, 2023, email as well as the Complaint to the EEOC, that the Defendant Sheriff took reasonable steps to stop the sexual harassment and hostile work environment; however, that in the sane breadth he retaliated against the Plaintiff as described (supra).

(17)    The conduct referenced above (and in the Facts section) occurred because  Plaintiff' is female and she because she engaged in protected speech which:

11

a.      addressed matters of public interest and concern;

b.      was a significant and motivating factor in Defendants' material adverse actions against Plaintiff.

(18)    In violation of the 1st Amendment to the United States Constitution, Defendants took the retaliatory steps described herein because Plaintiff exercised her free speech through an EEOC filing... and by refusing to give-in to a revenge porn effort.

(19)    Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; stress; and legal fees. Defendants' conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(20)    The deprivation of constitutional rights includes that Plaintiff's 14th Amendment property interest was abridged where she had to choose between a pornographic video presentation –published on the Internet (e.g., by way of dissemination to the media, etc.) of a woman who the Defendants will and would claim is/was Plaintiff in the video giving oral sex and that such bodily integrity implicated conduct which is not only a 1st Amendment violation but as well, a material adverse employment action.

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $100,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

### COUNT II: 42 U.S.C. § 1983
### Sex Discrimination by Supervisors Wasmer, O'Connor, Cox, & Martinez

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)     Defendants, under color of law, deprived Plaintiff of her civil rights because she is female and because she would not give into the revenge porn threat (and that Plaintiff believe the threat is ongoing).

(3)      The Plaintiff being female was both a "but for" and motivating factor as to conduct for which she was subjected (see facts section incorporated herein)

(4)      Similarly situated males were not deprived of their civil rights. By example, no male was subjected to a hostile work environment by erroneously accusations that a male employee was giving oral sex to employees or inmates; nor was a male employee subjected to an extortion attempt involving revenge porn.

(5)     Similarly situated males were not subject to sexually hostile work environment or one permeated with sexual misconduct and verbiage for which a reasonable woman would be offended.

(6)     Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; stress; and legal fees. Defendants' conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $100,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled

13

to ensure that the work Lake County Indiana Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

### COUNT III: 42 U.S.C. § 1983
### Failure to Supervise & Train Claims Against Defendants in their individual Capacities

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(2)     All Defendants, under color of law disregarded known or "obvious" risks of constitutional violations that would flow from a lack of supervision and training.

(3)   Defendant Martinez failed to supervise Warden Wasmer, Warden Cox, and Warden O'Connor.

(4)   Defendant Wasmer failed to supervise, Warden Cox, and Warden O'Connor.

(5)   Defendants Wasmer, Cox, and O'Connor failed to supervise failed to supervise rank and file members as well as supervisors, esp. Sergeants Schorle, Zomanty, inter alia.

(6)   Each Defendants failure to supervise and train their subordinates resulted in the Defendants not having taken reasonable actions to protect the Plaintiff from sexual harassment and a sexual hostile work environment.

(7)   Each Defendant as to their respective subordinate(s) failed to properly supervise, train and discipline his\her officers and acted with deliberate indifference to the rights of Plaintiff Jane Doe, by maintaining, overlooking and preserving unconstitutional practices and actions.

(8)     Plaintiff did suffer harm and incurred damages.

(9)     Defendants proximately caused the harm, injury, and damages.

14

(10)     Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.

**WHEREFORE,** and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $100,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

### COUNT IV 42 U.S.C. § 1983
Willful & Wanton Conduct by all Defendants

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(2)     The conduct of Defendants involved intentional acts done with the reckless disregard of the natural and probable consequence of injury to a known person under the circumstances known to the actor at the time.

(3)     Defendants' omissions –too-- represent wanton and willful conduct. The Defendants failed to act when each had actual knowledge of the natural and probable consequences of injury and has the opportunity to avoid the risk.

(4)     Each Defendant had knowledge of an impending danger or consciousness of a course of misconduct calculated to result in probable injury.

15

(5)     Each Defendants' conduct exhibited an indifference to the consequences of his own conduct.

(6)     Plaintiff did suffer harm and incurred damages.

(7)     Defendants proximately caused the harm, injury, and damages.

(8)     Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $100,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

 **\*Plaintiff hereby makes a demand for a Jury.**

DATED:  12-10-2023
Respectfully Submitted,
s\Christopher Cooper, ESQ., Plaintiff's Counsel
A FRATERNAL ORDER OF POLICE LEGAL DEFENSE PLAN ATTORNEY
Law Office of Christopher Cooper, INC.
426 N. Broad St., Griffith, IN 46319
Tel: 312 473 2968; 219 228 4396; FAX: 866 334 7458
E-Mail: cooperlaw3234@gmail.com