UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:23-CV-440-JD-JEM |
| | ) | |
| KIIMBERLY O'CONNOR, *et al.*, | ) | |
|     Defendants. | ) | |

**PROTECTIVE ORDER**

This matter is before the Court on an Unopposed Motion for Entry of Agreed Protective Order [DE 16], filed February 9, 2024. The parties represent that they stipulate to a protective order and request that the Court enter it. Accordingly, on review of the instant Motion and noting the agreement of the parties, the Court **GRANTS** the Unopposed Motion for Entry of Agreed Protective Order [DE 16] and **ORDERS:**

**I.**	**SCOPE**. This Agreed Protective Order shall govern disclosure and use of Confidential Information and Protected Health Information produced in connection with this case. All information which is or has been produced or discovered in this litigation, regardless of whether designated confidential, shall be used solely for the prosecution or defense of this litigation unless the information is available to the general public without breaching of the terms of this Order. The measures agreed to and designated by the parties in this Order are reasonable and will not prejudice anyone or unduly burden the Court.

**II.**	**DEFINITIONS**. The following definitions shall apply as used in this order:

    a.	"Confidential Information" shall mean and include, without limitation, any document, report, data, evaluation, record or material, no matter from whom they are obtained or by whom they are obtained, that contains any of the following:

1

      i.      Confidential, proprietary, and/or protected data, ESI, and information in possession of any party that is marked or labeled as "Confidential."

      ii.      Medical and mental health records or condition of any party.

      iii.      Physical, mental, or emotional records or abilities of any party.

      iv.      Provision of care for any physical or mental condition or injury to any plaintiff and all relating billing and payment information.

      v.      Financial and banking data and statements, tax records, employment records and educational records.

      vi.      The personal address, personal telephone number, birth date, social security number, and driver 's license number of any plaintiff, defendant, party 's family member, witness, or non-party.

      vii.      Documents produced by a Party and marked as "Confidential" prior to or at the time of production.

    b.    "Document" as used in this Order shall mean all written, recorded (including electronically stored information), or graphic matter whatsoever. These materials shall include, but not be limited to: interrogatory answers; responses to requests for admissions; responses to requests for production of documents; documents produced or served by any party or non-party in this action, whether pursuant to any rule, subpoena, or agreement; deposition transcripts and videotapes or recordings thereof; exhibits; photos depicting any party; physical objects or things as may be appropriate for implementation of the purposes of this Order; and any papers, including court papers and exhibits, which quote from, summarize, or refer to any of the foregoing.

    c.    "Parties" shall mean plaintiff, defendants, their counsel and any additional party the Court may subsequently recognize as subject to this qualified protective order, and their respective

agents, employees and attorneys.

    d.    "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996. Public Law 104-191 (1996).

    e.    "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. 45 C.F.R. §§ 160 & 164 (2002). The Privacy Standards define and limit the circumstances in which an individual 's protected health information may be used or disclosed. Under the Privacy Standards health care providers may disclose protected health information where the individual who is the subject of the information authorizes the disclosure in writing. 45 C.F.R 164.502(a).

    f.    "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (I) the past, present, or future physical or mental condition of an individual; (ii) the provision of care to an individual; or (iii) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual. A separate authorization shall be necessary before any records pertaining to any alcohol or other drug treatment may be disclosed.

**III.**    **LIMITATIONS ON USE**. The Parties will abide by the following terms and conditions under this order:

    a.    The Parties shall not use or disclose any PHI, Confidential Information or Documents released in this proceeding for any other purpose or in any other proceeding.

    b.    In the absence of written permission from the Party producing Confidential Information or PHI, or further order of the Court, Confidential Information or PHI shall not be disclosed to any person other than the following Qualified Persons:

3

    i.  Parties to this action.

    ii.  Counsel for the parties and their secretaries, legal assistants, and other employees of counsel who are actively engaged in assisting counsel in the preparation of this action.

    iii.  Consulting and trial experts retained by the parties or their counsel for the purpose of assisting in the preparation of the trial of this action.

    iv.  Insurance carriers with an interest in the litigation.

    v.  Outside photocopying, graphic production services or litigation support services employed by the Parties ' counsel to assist in this litigation and computer service personnel performing duties in relation to a computerized litigation system.

    vi.  The Court, court reporters, court personnel, jurors, videographers and stenographers.

  c.  Exhibits attached to pleadings, depositions or used at trial that contain PHI or Confidential Information shall be labeled "CONFIDENTIAL Per Court Order." This order does not, by itself, authorize the filing of any document under seal. Any party filing unredacted documents designated Confidential with any motion, brief or other submission to the Court must comply with Northern District of Indiana Local Rule 5-3 to file any documents under seal.

  d.  If a deposition transcript contains PHI or Confidential Information, the transcript shall be protected under the provisions of this Order in the same manner as all other Confidential Information. The transcript shall not be disclosed to anyone other than Qualified Persons or filed with the Court or Clerk of the Court unless all PHI and Confidential Information is redacted or the transcript is filed under seal.

**IV.**  **INADVERTENT DISCLOSURE.** If a Party inadvertently or unintentionally produces to

a receiving party any document or information subject to any claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation):

    a.    The producing party shall, within 15 days of the discovery of inadvertent production, give written notice to the receiving party of the producing party 's claim of privilege or immunity from discovery. Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the materials, including copies that were disseminated to other persons by the receiving party. The receiving party shall also immediately destroy all summaries, abstracts, written digests, or other recordings of the documents and information. Inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party 's claim of confidentiality, privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter.

    b.    In the event a receiving party disagrees with the producing party 's claim privilege or immunity from discovery of the inadvertently disclosed documents or information, then the receiving party shall notify the producing party within five (5) business days of receipt of the producing party 's written notice of their position and shall set forth the precise grounds upon which the receiving party 's position rests.

    c.    If the parties cannot informally resolve the matter after conferring, then the dispute will be presented to the Court by motion or otherwise. During the pendency of the motion the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the

Court.

    d.    Inadvertent or unintentional disclosure of PHI or Confidential Information shall not be deemed a waiver, in whole or in part, of a party 's claim of confidentiality with respect to the information so disclosed.

    e.    No subsequent motion to compel the production of the produced document may rely on an allegation that any privilege as to the document was waived by its production.

**V.    DISPUTES**. If a Party disagrees at any state of the proceedings with a producing party 's designation of any document or information as Confidential, whether certain documents or information should be released from the provisions of this Order, or concerning any other matter relating to the application of this order:

    a.    Counsel for objecting party shall notify all counsel in writing of the objection and the counsel shall confer and attempt in good faith to resolve the dispute informally.

    b.    If the dispute cannot be resolved informally by conferring within 30 days after a notice is served, the objecting party may seek appropriate relief from the Court.

    c.    Until a dispute is resolved by agreement of the Parties or court order, the provisions of this Order limiting the use and disclosure of confidential information shall remain in full force and effect.

    d.    The parties may provide for exceptions to this Order by written stipulation and agreement of all parties or moving the Court to modify this Order.

**VI.    STORAGE/DESTRUCTION**. All Parties will store PHI and Confidential Information while it is in their possession in a confidential manner as set forth in this Order and pursuant to the Privacy Standards and:

    a.    Within 90 days of the termination of this litigation, including any appeals, originals

and copies (including electronic copies) of any documents containing Confidential Information or PHI shall be returned to counsel for the producing party or destroyed, with the date and method of destruction certified in writing to all counsel.

      b.      If not returned or destroyed within 90 days as provided herein, the producing party may petition the Court to re-open the case for the purpose of seeking an award costs and attorney fees for compelling the action, but no sooner than 14 days after providing the party with a written request to return or destroy the documents.

**VII.** By entering into this Agreed Order the Parties are not waiving any objection to or raised in response to any discovery request, nor does this Agreed Order in any way obligate any party to produce any specific document or record in the future which a party deems inappropriate for production or any waiver of or preclude any Party from raising any objection to discovery or asserting any and all privileges otherwise available. The agreement of the parties to this Agreed Order shall not be construed as an agreement, admission or waiver: (a) that any material or document designated as confidential is, in fact, confidential; (b) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (c) with respect to the authenticity, competency, relevance or materiality of any document or thing designated as confidential.

**VIII.** This Order shall be binding on the parties to this litigation, their attorneys, insurers, and all employees, consultants and other persons employed or retained by the parties or their attorneys. Except as provided in this Order, no person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information, by any person permitted to have access thereto, except as provided in this Order, or as otherwise agreed by the entity producing the material or by order of this Court.

**IX.** The terms of this Order shall continue to apply during all proceedings in this action and during the time period in which the trial of this action occurs but shall not apply to the trial itself. Any party may, at or before the time of trial, seek an Order of the Court to restrict access to particular documents or testimony at the trial.

SO ORDERED this 9th day of February, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record