UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:23-CV-440-JD-JEM |
| ) | |
| KIMBERLY O'CONNOR, *et al.*, ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Proceed Anonymously [DE 19], filed February 16, 2024. Plaintiff requests that the Court grant her leave to proceed anonymously during this case. Defendants filed a response on February 29, 2024, and on March 6, 2024, Plaintiff filed a reply.

Plaintiff's Complaint alleges that she experienced sexual harassment in her workplace and that when she complained about the harassment, she was threatened that if she did not resign, a sexually explicit video of her would be put on the internet. She alleges that she was also retaliated against for complaining about sexual harassment and a sexually hostile work environment by being disciplined in her job and placed on administrative leave. She requests that she be permitted to proceed by a pseudonym since this case includes highly sensitive facts, and she represents that she fears retaliation, including retaliation in the form of sexual assault or revenge porn, if her identify is revealed.

Federal Rule of Civil Procedure 10 requires that the caption of the Complaint include the names of all the parties, and Federal Rule of Civil Procedure 17 requires that all civil actions be prosecuted in the name of the real party in interest. See Fed. R. Civ. P. 10, 17. The Seventh Circuit

1

Court of Appeals has explained that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (recognizing that courts have permitted proceeding under a fictitious name in exceptional cases "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings'" (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992))). The Seventh Circuit Court of Appeals has explained that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2013). In particular, the Seventh Circuit has explained that it has "limited anonymity to cases in which there is a danger of retaliation and 'when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses'" but not "merely to avoid embarrassment." *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) (explaining, as examples, that identity would be protected to prevent publication of sexual identity or retaliation for religious beliefs) (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872) (citing *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016); *City of Chicago*, 360 F.3d at 669; *Elmbrook School Dist.*, 658 F.3d at 723–24). The decision whether to allow a party to proceed pseudonymously is within the discretion of

2

the court. *Doe v. City of Indianapolis*, 2012 WL 639537, at *1; K.*F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997).

Plaintiff argues that she is at risk of injury if her identity is made known because she has already been threatened with retaliation of a sexual nature for her complaints of harassment in the workplace. Defendants argue that Plaintiff is on administrative leave at the moment, so she should not be in contact with any of her coworkers or inmates who would target her for retaliation. They argue that her fear of what might happen is unreasonable speculation. Defendants point out that she is on leave because of sexual allegations that were lodged against her, and argue that because she denied the truth of those allegations, "disclosure of information of the utmost intimacy is being denied by the Plaintiff" and she is not entitled to anonymity. The Court finds this argument to be both internally inconsistent and disingenuous. Defendants are admitting that they intend to put Plaintiff's sexual actions and reputation at issue in this case as part of their defense, but argue that protecting Plaintiff's reputation is less important than publicizing her name so that prospective witnesses can come forward with information helpful to Defendants. Like Plaintiff, Defendants have an interest in protecting their reputation from damaging allegations, but the veracity of the allegations will be tested regardless of whether Plaintiff is publicly identified, and Defendants have not requested leave to proceed by pseudonym. Given the nature of the allegations, noting the crass arguments made by Defendants and the fact that Defendants appear to have already attempted to place Plaintiff's name on the public docket despite the pendency of the instant motion, [DE 24, 25], the Court concludes that anonymity is appropriate in this case, and cautions counsel for Defendants that failure to comply with this Order will not be taken lightly and may result in sanctions.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed Anonymously [DE 19], **ORDERS** that the parties use the pseudonym "Jane Doe" to refer to Plaintiff and **ORDERS** the parties to refrain from revealing the identity of Jane Doe. Any documents containing her full name should be redacted to remove her name, with the unredacted version of the documents filed under seal. The Court **ORDERS** Plaintiff to file an unredacted version of the Complaint, with Plaintiff's identity, on the docket under seal.

So ORDERED this 29th day of April, 2024.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. Martin
UNITED STATES DISTRICT COURT

cc:   All counsel of record