**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:23-CV-440-JD-JEM |
| | ) | |
| KIMBERLY O'CONNOR, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File the Attached Amended Complaint [DE 36], filed August 2, 2024. Plaintiff seeks leave to amend the Complaint to add two defendants and some claims that arose after the filing of the initial Complaint. No responses have been filed and the time to do so has passed.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

1

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

In this case, Plaintiff seeks to amend the Complaint to add claims under Title VII arising out of the same facts as the initial complaint but which could not have been added until Plaintiff received a right to sue letter, and to add two defendants because of their role in the underlying dispute. Joinder of the new claims and parties is appropriate. The deadline for amendment has not expired, discovery is still proceeding, There were no objections to the amendment and it appears that no party will prejudiced by it. The Court concludes that it is in the interest of justice for the amendment to be permitted.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File the Attached Amended Complaint [DE 36]. The Court **ORDERS** Plaintiff to, on or before **August 26, 2024**,

file the amended complaint currently on the docket as an exhibit at [DE 36-1] as the redacted complaint, file the document currently on the docket at [DE 33-1] **UNDER SEAL** as the unredacted complaint, provide proposed summons for the newly-added defendant to the Clerk's Office, and serve the new complaint in accordance with the Federal Rules of Civil Procedure.

The Court **DENIES as moot** Plaintiff's Motion for Leave to File the Attached Amended Complaint [DE 35] and **REMINDS** Plaintiff of the requirement to, when filing documents that include Plaintiff's identity file both redacted documents on the public docket and sealed, unredacted documents along with a motion to seal, as appropriate.

SO ORDERED this 19th day of August, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record

3