**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| **JANE DOE** | ) **CASE: 23CV440** |
| **PLAINTIFF,** | ) |
| **v.** | ) |
| | ) **JUDGE DEGUILIO** |
| **KIMBERLY O'CONNOR, (Ind Cap),** | ) **JUDGE MARTIN** |
| **KIMBERLY COX, (Ind Cap),** | ) |
| **OSCAR MARTINEZ, JR. (Ind Cap),** | ) |
| **TODD WASMER (Ind Cap),** | ) |
| **DOUG MCCLUSKY (Ind Cap),** | ) |
| **LAKE COUNTY, INDIANA,** | ) |
| **DEFENDANTS.** | ) |

<u>**AMENDED COMPLAINT FOR MONETARY & EQUITTABLE RELIEF**</u>

**Introduction**

**NOW COMES Plaintiff JANE DOE** (a female and was a Lake County, Indiana correctional

officer at the Lake County Jail), by counsel, and files this amended complaint for 42 U.S.C

1983 violations, sex discrimination, hostile work environment, sexual harassment (to include

threats by Lake County through agents, to subject Plaintiff to "revenge porn"); as well as

claims for retaliation where in September 2023, Plaintiff was retaliated against for her refusal

to resign as an officer, under a threat by Defendants, esp., Defendants O'Connor and Wasmer

(and based upon reasonable information and belief Defendant Sheriff Martinez was aware of

the threat). And that Defendant O'Connor was the Lake County Jail's (Sheriff's Department)

assistant warden. Warden O'Connor reports to Sheriff Martinez. And that Defendant

O'Connor gave Plaintiff two choices, the first of which was to resign or that she (inclusive of

the Lake County Indiana Sheriff's Department under Mr. Matinez's headship) would

publish/make public –by publication to the media [and therefore on the Internet], a video of

Plaintiff giving oral sex to a man. Defendant O'Connor told Plaintiff that her family members would watch her and see that it is their daughter, etc., on video, giving oral sex to a man. O'Connor added the words that upon Plaintiff's father "watching the video: *"It will make your father sick!"* (Plaintiff's father is a retired law enforcement officer). Plaintiff refused to give into the extortive threat and was immediately suspended by Defendants Martinez, O'Connor and Wasmer, inter alia. Thereafter on October 16, 2023, Plaintiff was disciplined by Defendant Cox and Martinez and cited with violation of the Sheriff's policies where Plaintiff had earlier refused to resign and --in retaliation for Plaintiff having complained to the Sheriff's Departments and its supervisors on multiple occasions (as well as in a complaint filed with EEOC) of sexual harassment and sexually hostile work environment. Defendant O'Connor added that with the publication of the video in the media (Internet) Plaintiff would also have to endure the shame of termination by Sheriff Martinez/the Lake County, Indiana Sheriff's Department.

Plaintiff did not perform oral sex and that any video held by Defendants of a woman giving oral sex to man does not involve the Plaintiff as a participant or as an observer or in any other role. Nor has Plaintiff engaged in any other sexual activity on any other day or at any other time. Any pornographic video disseminated by Oscar Martinez and Todd Wasmer is and would be the product of "AI" (Artificial Intelligence),

When on September 19, 2023, Plaintiff denied that she gave oral sex to an employee, Defendant O'Connor stated among other things"

**"You're a fucking liar. I've known you for two years, do not play these lying bullshit ass games with me little girl."**

## JURISDICTION & VENUE

(1)    Jurisdiction of this court arises under 28 U.S.C. §1331;  42 U.S.C. §1983 (and, for fees by way of §1988); the First Amendment;  the 14th Amendment without the Equal Protection Clause; and second claim implicating the 14 Amendment with the Equal Protection Clause.

(2)    Venue is had through 28 U.S.C. § 1391 and 2000e-5(f)(3). Defendants are residents in the geographic area for which the germane U.S. District Court is located; and that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

(3)    Defendant LAKE COUNTY, Indiana is a municipality in Indiana. Lake County harmed Plaintiff in Lake County, Indiana. Lake County at all times relevant employed all of the parties.

(4)    Plaintiff **JANE DOE** is female, and a legal adult and a resident of Lake County, Indiana. Plaintiff was harmed by the Defendants in Lake County, Indiana. She was employed as a correction officer by the Lake County, Indiana Sheriff's Department which has a principal address of 2293 N. Main Street, Crown Point, IN 46342.

(5)    Defendant **Kimberley O'Connor** is a legal adult, and believed to be a resident of Indiana. She is a state actor sued in her individual capacities. At all times herein, she was a supervisor of the Plaintiff.  O'Connor (was at all times relevant) is employed as the assistant warden of the Lake County Jail. At present and at all times relevant, she reports or reported to Warden Wasmer and Sheriff Oscar Martinez.

3

(6)   Defendant **Kimberely Cox** is a legal adult, and believed to be a resident of Indiana. She is a state actor sued in her individual capacities. At all times herein, she was a superior to the Plaintiff.  Cox is (and was at all times relevant) employed a deputy warden at the Lake County Jail. At present at all times relevant, she reports or reported to Warden Wasmer and Sheriff Oscar Martinez.

(7)   Defendant **Oscar Martinez, Jr.,** is a legal adult, and believed to be a resident of Indiana. He is a state actor sued in his individual capacities. At all times herein, he was a superior to the Plaintiff.  Martinez is (and was at all times relevant) employed and elected and or appointed  as the Sheriff of Lake County Indiana. At present and at all times relevant, he supervised Warden Wasmer, Warden O'Connor, and Warden Cox.

(8)   Defendant **Todd Wasmer** is a legal adult, and believed to be a resident of Indiana. He is a state actor sued in his individual capacities. At all times herein, he was a superior to the Plaintiff.  Wasmer is (and was at all times relevant) employed as the Warden of Lake County, Indiana Jail. At present and at all times relevant, he supervised Warden O'Connor, and Warden Cox. Mr. Wasmer reports to Defendant Martinez.

(9)   Defendant **Doug McClusky** is a legal adult, and believed to be a resident of Indiana. He is a state actor sued in his individual capacities. At all times herein, he reported to Defendants Martinez and Wasmer.

## FACTS

( 1 )    Plaintiff is female.

( 2 )    Plaintiff was employed by Lake County, Indiana as a correctional officer.

( 3 )    Plaintiff was assigned to the Lake County Jail as a member of the Lake County, Indiana Sheriff's Department.

( 4 )    Defendant Oscar Martinez Jr. is the Sheriff of Lake County and was the Sheriff at all times relevant in the instant lawsuit.

( 5 )    In 2021 as well as in 2022-23 (Morgan doctrine implicated), there were false statements and rumors spread and spoken by Lake County Sheriff's employees including supervisors, by example Sergeant Schorle who erroneously communicated that Plaintiff was giving oral sex to multiple men at the jail. As well, there were supervisors who perpetuated rumors, e.g., Sgt. Sgt Zomanty) that Plaintiff was a woman of disrepute to include having oral sex (contact of the mouth and penis) to one specific fellow employee (a supervisor) as well as to unknown inmates. Additionally, on one occasion a note was placed on her car and that a reasonable person knowing the Lake County Indiana Sheriff's Department work environment under Mr. Martinez's and Mr. Wasmer's leadership, would construe as a threat of sexual violence toward the Plaintiff based on the reputation supervisors (including O'Connor) had created for the Plaintiff.  Plaintiff reported the note to Sgt David Akey, Sgt Gretchen Omamuli, and to Sgt. Yolunda Brown and the Lake County Indiana Sheriff's Department did absolutely nothing substantive to address the note and to stop the rumors and statements.  No reasonable steps (jurisprudence requisite) were taken to address the sexually hostile work environment, instead supervisors at the jail amplified and exacerbated the rumors and disgusting sexual mistreatment of the Plaintiff.

( 6 )    It is likely that the rumors extended to where some inmates participated.

( 7 )    Plaintiff complained to management (supra, as described above) that the statements and rumors were false, threatening, humiliating [for any woman], and made her work environment very, very uncomfortable, unsafe, and sexually hostile.

( 8 )    On or about September 19, 2023, Plaintiff was ordered to appear in Defendant\Warden O'Connor's office.

( 9 )    It was there that O'Connor (with Defendant Wasmer present) told the Plaintiff that she (O'Connor) had a video of the Plaintiff giving oral sex to a Sheriff's Department supervisor.

( 1 0 )  O'Connor told Plaintiff that she had two choices:

**Choice #1:** she could resign immediately;  [ o r ]

**Choice # 2:** that O'Connor (understood as O'Connor with Oscar Martinez/Sheriff's Department and Todd Wasmer, inter alia in the jail and in the Sheriff's Department Leadership) would send to the media… –as in publish a video of Plaintiff performing oral sex-- by providing the media (as in the press and on online posts), an alleged video of the Plaintiff giving oral sex to Sheriff's Department employee. And that additionally, she (the Plaintiff would be terminated joined with the pornography [being] placed on the Internet through the media). Plaintiff was told by Defendant O'Connor that her (Plaintiff's) "family would see the video" and that it would be "embarrassing for her' (Plaintiff) and –as said by O'Connor: "for your family" – "it would make your father sick!"

( 1 1 )  Plaintiff refused to resign and immediately thereafter, as retaliation by Defendants Martinez, Wasmer, and O'Connor, she was placed on suspension/administrative leave to include having been stripped of her law enforcement powers.

( 1 2 )  Plaintiff requested to view the purported video and was denied.

( 1 3 )  O'Connor added that Plaintiff gives oral sex to inmates.

6

( 1 4 )  While Plaintiff was on leave, the Plaintiff complained to the EEOC (in October 2023) as to the sexual harassment by the Defendants.

( 1 5 )  Thereafter, in retaliation, the Plaintiff was disciplined by suspension, for the alleged oral sex conduct, yet the video was not produced and that the discipline was initiated, penned, caused and implemented by Defendants Cox, Martinez, O'Connor, and Wasmer.

( 1 6 )  In the interim, after Plaintiff filed a charge with the EEOC, a Lake County attorney (from the Harris Law Firm) engaged in email traffic with the EEOC. Namely conduct that could be interpreted by a small school of thought as an inquiry, however by larger school of thought, as an obstruction of administrative justice. The attorney's email communication to the EEOC could legitimately be described as an attempt to cause the EEOC to refrain from a ruling (that if favorable to Plaintiff) would in the eyes of Lake County, stifle Sherriff Martinez's likelihood of prevailing at an/the administrative trial –in front of the Sheriff's merit board-- in which the Plaintiff would be charged with oral sex…. and that Martinez wants a conviction with termination. An action in which Plaintiff would be brought before Defendant Sheriff Martinez's merit board to answer to charges of lewd conduct (as described, supra) and the sanction if she lost would be termination of employment.

( 1 7 )  Plaintiff has not given oral sex to Lake County's or Oscar Martinez's employees or inmates. The Defendants allegations are false to include knowingly made false allegations, intentionally made false allegations, willfully and wantonly made false allegations.

( 1 8 )  The Lake County Sheriff's Department along with Defendants sued herein, in their individual capacities, knew and should have known that Department employees were spreading statements and rumors that Plaintiff was giving oral sex… to inmates and at least

one employee. Lake County joined by the Defendants, failed to take reasonable steps to address and prevent the sexual harassment and its correlated hostile work environment.

( 1 9 )  As a woman, in the workplace, Plaintiff should have been free of such sexual harassment and hostile work environment.

( 2 0 )  It was only after an email to the Lake County Indiana Sheriff's Department (promising a lawsuit…) joined with a complaint to the EEOC (both while Plaintiff was on suspension) that the Defendants and Sheriff communicated to Department employees that the sexual statements and rumors must cease; however, by this time (so much time had passed), Plaintiff was already perceived as a woman of disrepute (her U.S. Constitutional substantive bodily integrity rights already infringed upon beyond repair) because of the inaction of the Defendants (and soon to named defendant, namely Lake County, Indiana),

( 2 1 )  Plaintiff's hostile work environment represents that she has been subjected to altered terms and conditions of employment by way of sexual harassment and hostile work environment as well by the revenge porn threat.

( 2 2 )  Plaintiff has been retaliated against by Defendants, for having complained of sexual harassment, sex discrimination, and hostile work environment and refusing to give into a revenge porn action.

( 2 3 )  The retaliation has been exacerbated by Defendants having administratively charged the Plaintiff (on October 16, 2023, and on December 1, 2023) because she complained to the EEOC and Sheriff's Department supervisors and leaders, etc.

**( 2 4 )**  Because Plaintiff has exercised her First Amendment right to complain of sexual harassment by Defendants, she was at all times relevant, the subject of retaliation. The retaliation includes: (a) the October 2023 Complaint/disciplinary charging document; (b) the

ongoing threat that a video of woman giving oral to sex to man will make its way to the
Internet –**by the Sheriff's Department's own unabashed admission and action—**as well,
the Sheriff's Department will identify the Plaintiff by name as the person giving the oral sex;
and (c) lastly, the ongoing attempt to dissuade the Plaintiff from further complaints of sexual
harassment employment --post the EEOC complaint and retaliation for her refusal to resign to
avoid publication to the media of pornography for which **Defendant O'Connor told Plaintiff
her –her family members would watch her on video, giving oral sex to a man.**

( 2 5 ) Plaintiff was subjected to above-described retaliation, harassment, extortion,
perverse terms and conditions of employment, and hostile work environment, because her sex
is female and because she complained (protected speech) and refused to give into the
extortion/ revenge porn sexual harassment.

( 2 6 ) But for Plaintiff being female, she would not have been subject to deprivation
of her rights.

( 2 7 ) But for Plaintiff having engaged in protected speech (e.g., EEOC complaint in
particular as well as complaints and reports to supervisors), she would not have been subject
to deprivation of her rights.

( 2 8 ) Plaintiff engaged in Constitutionally protected activity when she complained
and reported to Defendants of sex discrimination, sexual harassment, and a sexually hostile
work environment.

( 2 9 ) Plaintiff was retaliated against for such complaints, to include having been
threatened with revenge porn. Such represents a material adverse employment action.

( 3 0 )  Plaintiff terms and conditions were altered by the threat of revenge porn as well as by pervasive sexual harassment of her person (to include a women's substantial bodily integrity).

( 3 1 )  Defendant was on notice of the misconduct (sex discrimination, sexual harassment, hostile work environment and all of which altered terms and conditions of employment) in issue and failed to take reasonable steps to stop it and to protect Plaintiff from the misconduct, etc.

( 3 2 )  Instead of Lake County having taken reasonable steps to address the sexual hostile work environment; rumor mill; and the tethered reports and complaints (and that even without reports or complaints from Plaintiff, the employer [Defendant Lake County, would have known and should have known), Lake County (with Oscar Martinez, et al.) retaliated against Doe when Lake County accused Doe of and by the following:

a)      that a male officer stood over Doe and she then took his penis into her mouth.

b)      Defendant Lake County (joined by the other Defendants assert there is a video of penis inside of Doe's mouth).

c)      And that Lake County with its Sheriff holds there were 40 instances of a male officer's penis inside of Plaintiff's mouth.

d)       Defendant Lake County claims there is video of the 40 acts and that the aforementioned Defendants --in particular Lake County, Defendant McClusky, and Sheriff Martinez-- contend that for approximately 2 minutes, a shadow of Doe's her head proceeds to move in a back-and-forth motion indicating possible oral sex.

e)      Where Lake County, Oscar Martinez, and Mr. McClusky retaliated against Doe by holding there are video scenes between Doe and a male officer that depict what

10

appears to be contact in areas that are erogenous by definition, specifically the lower

waist, crotch and buttocks area.

f)      Where Lake County, Oscar Martinez, and Mr. McClusky hold there are video

scenes of Doe and a male officer that depict romantic interaction that evolved into a

sexual encounter, with the male officer being the recipient of the act being performed.

g)      Where Lake County\Martinez threatened to distribute pornography of Doe

giving oral sex to man if she did not resign.

h)      Where O'Connor, Martinez, and McClusky accuse Plaintiff of performing oral

sex on a mal employee.


**COUNT I: 42 U.S.C. § 1983 (1st Amendment & 14th Amendment Property Interest; & 14th Amendment Equal Protection)**
**Sex Discrimination, Retaliation, Sex Harassment, Hostile Work Environment to include by Supervisors O'Connor, Wasmer, Cox, & Martinez by way of Threatening Revenge Porn & Depriving Plaintiff of a Work Environment free of Sexual Harassment and that all Defendants**

(1)      Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all

preceding paragraphs of this Complaint (including the introduction), especially the section

entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to

be read as part and parcel of Paragraph 1 of this count. (Once again: The facts section is to be

read as Paragraph 1 of this count).

(2)      Defendants, under color of law, deprived Plaintiff of her civil rights because

she is female and because she engaged in protected speech.

(3)      The Plaintiff holds a 14th Amendment property interest in her continued

employment.

(4)     The Plaintiff holds a fundamental right not to be treated differently because she is a woman.

(5)     The Plaintiff holds a substantive due process right not be subjected to conduct which violates her bodily integrity.

(6)      The Plaintiff being female was both a "but for" and motivating factor as to conduct for which she was subjected (see facts section incorporated herein).

(7)      Similarly situated males were not deprived of their civil rights as the Defendants did not sexually harass them, nor were male employees erroneously humiliated and described as giving men oral sex; nor were any male employees accused of giving oral sex to employees or inmates; and nor was a male employee's 14th Amendment property interest in continued employment with the Lake County, Indiana Sheriff's Department infringed upon by way of threat of revenge porn (to include the Sheriff's Department online publication of a female giving a male oral sex and that Lake County government joined with the Defendants would publish Plaintiff's name along with the purported video).

(8)     Similarly situated males were not subject to sexually hostile work environment or one permeated with sexual misconduct, verbiage, and extortion for which a reasonable woman would be offended.

(9)     Defendants intentionally failed to protect the Plaintiff from sexual harassment and a sexual hostile work environment.

(10)    Plaintiff was subjected to a hostile work environment for reasons and bases which include: (a) she was subject to unwelcome harassment, (b) the harassment was based on her sex; (c) the harassment was so severe and pervasive as to alter her conditions of

employment and to create a hostile and abusive working environment, and (d) there is a basis
for employer liability.

(11)    Defendants threatened (or acquiesced) that a pornographic image and video of
Plaintiff would be published/made public, namely a purported video of Plaintiff giving oral
sex to a man and that publication by the Sheriff's Department would not occur if she resigned.

(12)     The defendants: (a) intentionally treated Plaintiff differently from others who
were similarly situated, and (b) there was no rational basis for the difference in treatment and
that as well, the cause of the differential treatment was an illegitimate animus towards her.

(13)    Defendant Martinez was personally involved in all misconduct averred within
for reasons which include (not an inclusive list) that when Plaintiff would not give into the
extortion, Sheriff Oscar Martinez sent Plaintiff a letter dated September 29, 2023, and in it,
ordering her to present herself to an internal affairs investigator. Thereafter Martinez caused
her to be disciplined on October 16, 2023, and that on December 1, 2023, he filed additional
disciplinary charges against the Plaintiff this time seeking termination.

(14)    Sheriff Oscar Martinez was personally involved in all actions averred by the
Plaintiff and that he was and is aware of:

a) the harassment of Plaintiff  (to include alterations of terms and conditions of
employment as well as the sexual harassing statements and conduct of  supervisors and
line workers);

b) Plaintiff's hostile work environment;

c) And the retaliation (in which Martinez has and continues to participate) to and
against the Plaintiff where he suspended the Plaintiff and thereafter charged her (part

and parcel of subjecting Plaintiff to a hostile work environment and sexual harassment).

(15)    Based on reasonable information and belief coupled with email traffic, Martinez, Cox, O'Connor, Wasmer, et al were aware of the EEOC Complaint,  as well each was and is aware of the contents of the October 19, 2023, email to Lake County and its attorneys complaining of sexual harassment of the Plaintiff.  The recipients include the warden and chief of the Lake County Sheriff's Department Police as shown below (but not an inclusive list, rather a cut and paste from the email with redactions represented as a straight blank line): Internal Affairs, "Doug McClusky (_____@lakecountysheriff.com)" <"Chief Balbo (_____@lakecountysheriff.com)" ; "Warden Wasmer (_____@lakecountysheriff.com)."

(16)    It was after (and a result of) the October 19, 2023, email as well as the Complaint to the EEOC, that the Defendant Sheriff took reasonable steps to stop the sexual harassment and hostile work environment; however, that in the sane breadth he retaliated against the Plaintiff as described (supra).

(17)    The conduct referenced above (and in the Facts section) occurred because Plaintiff' is female and she because she engaged in protected speech which:

a.    addressed matters of public interest and concern;

b.    was a significant and motivating factor in Defendants' material adverse actions against Plaintiff.

(18)    In violation of the 1st Amendment to the United States Constitution, Defendants took the retaliatory steps described herein because Plaintiff exercised her free speech through an EEOC filing... and by refusing to give-in to a revenge porn effort.

14

(19)    Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; stress; and legal fees. Defendants' conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

(20)    The deprivation of constitutional rights includes that Plaintiff's 14th Amendment property interest was abridged where she had to choose between a pornographic video presentation –published on the Internet (e.g., by way of dissemination to the media, etc.) of a woman who the Defendants will and would claim is/was Plaintiff in the video giving oral sex and that such bodily integrity implicated conduct which is not only a 1st Amendment violation but as well, a material adverse employment action.

**1st Amendment**

(21)    Plaintiff's speech (see Facts section) addressed matters of public interest and concern.

(22)    Plaintiff's speech was a significant and motivating factor in Defendants' threat to disseminate pornography.

(23)    Plaintiff's speech was a significant and motivating factor in Defendants' holding that Plaintiff had a male officer's penis in her mouth.

(24)    Similarly, Plaintiff's speech was a significant and motivating factor in Defendants' material adverse actions against Plaintiff including suspending Plaintiff and thereafter charging her.

**Equal Protection**

(25)    Defendants treated Plaintiff less favorably and differently because she is a woman.

(26)    Defendants treated Plaintiff less favorably and differently from similarly situated persons (specifically men).

(27)    Defendants were unequally applying policies for the purpose of discriminating against the plaintiff because she is a woman.

(28)    Defendants' conduct was the proximate cause and substantial factor in causing Plaintiff's harm.

(29)    The Plaintiff being female was both a "but for" and motivating factor as to conduct for which she was subjected (see facts section incorporated herein)

(30)    Similarly situated males were not deprived of their civil rights. By example, no male was subjected to a hostile work environment by erroneously accusations that a male employee was giving oral sex to employees or inmates; nor was a male employee subjected to an extortion attempt involving revenge porn.

(31)    Similarly situated males were not subject to sexually hostile work environment or one permeated with sexual misconduct and verbiage for which a reasonable woman would be offended.

(32)    Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; stress; and legal fees. Defendants' conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $500,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana

16

Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

### COUNT II: 42 U.S.C. § 1983  Under Color of Law, Threatened Plaintiff with Dissemination of Pornography in which Defendants would represent she was a participant. (Applies to all Defendants except McClusky and Cox)

(1)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)    Defendants, under color of law, deprived Plaintiff of her civil rights because she is female.

(3)    Defendants, under color of law, deprived Plaintiff of her civil rights because would not give into the revenge porn threat (and that Plaintiff believe the threat is ongoing).

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $500,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

**COUNT III: 42 U.S.C. § 1983**
**Failure to Supervise & Train Claims Against Defendants Martinez  and Wasmer, in their individual Capacities as well as to Defendants Cox and O'Connor as to rank and file members.  (This count is not against McClusky)**

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(2)     Defendants, under color of law disregarded known or "obvious" risks of constitutional violations that would flow from a lack of supervision and training.

(3)     Defendant Martinez failed to supervise Warden Wasmer, Warden Cox, Doug McClusky, and Warden O'Connor.

(4)     Defendant Wasmer failed to supervise, Warden Cox, and Warden O'Connor.

(5)     Defendants Wasmer, Cox, and O'Connor failed to supervise failed to supervise rank and file members as well as supervisors, esp. Sergeants Schorle, Zomanty, inter alia.

(6)     Each Defendants failure to supervise and train their subordinates resulted in the Defendants not having taken reasonable actions to protect the Plaintiff from sexual harassment and a sexual hostile work environment.

(7)    Each Defendant as to their respective subordinate(s) failed to properly supervise, train and discipline his\her officers and acted with deliberate indifference to the rights of Plaintiff Jane Doe, by maintaining, overlooking and preserving unconstitutional practices and actions.

(8)     Plaintiff did suffer harm and incurred damages.

(9)     Defendants proximately caused the harm, injury, and damages.

(10)    Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.

**WHEREFORE,** and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $700,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

## COUNT IV 42 U.S.C. § 1983
### Willful & Wanton Conduct by all Defendants

(1)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(2)     The conduct of Defendants involved intentional acts done with the reckless disregard of the natural and probable consequence of injury to a known person under the circumstances known to the actor at the time.

(3)     Defendants' omissions –too-- represent wanton and willful conduct. The Defendants failed to act when each had actual knowledge of the natural and probable consequences of injury and has the opportunity to avoid the risk.

19

(4)      Each Defendant had knowledge of an impending danger or consciousness of a

course of misconduct calculated to result in probable injury.

(5)      Each Defendants' conduct exhibited an indifference to the consequences of his

own conduct.

(6)      Plaintiff did suffer harm and incurred damages.

(7)      Defendants proximately caused the harm, injury, and damages.

(8)      Plaintiff suffered harm to include deprivation of rights, pain and suffering;

stigma; loss of income; humiliation; and garden variety stress.

### COUNT V: 42 U.S.C. § 2000E-3(a) (RETALIATION: SEX DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT) (Applies to Defendant Lake County)

1.      Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all

preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the

same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of

this count.  It is imperative that each word of the Facts section (supra) is read as paragraph 1

of this count as well as paragraph 1 of all other counts.

2.      Plaintiff engaged in Constitutionally protected activity when she complained

and reported to Defendants of sex discrimination, sexual harassment, and a sexually hostile

work environment.

3.      Plaintiff was retaliated against for such complaints, to include having been

outed to the Northwest Indiana Times Newspaper on or about December 10, 2023 (as to the

instant lawsuit, it was file anonymously, but Defendant Lake County revealed her name to the

press); as well as threatened with revenge porn. Such represents materials adverse

employment action.

4.      Plaintiff's terms and conditions were altered by the threat of revenge porn as well as by pervasive sexual harassment (and hostile work environment) of her person (to include a women's substantial bodily integrity).

5.      Defendant was on notice of the misconduct (sex discrimination, sexual harassment, hostile work environment and all of which altered terms and conditions of employment) in issue and failed to take reasonable steps to stop it and to protect Plaintiff from the misconduct, etc.

6.      Instead of Lake County having taken reasonable steps to address the sexual harassment\hostile work environment inclusive of sexual rumor mill; and the tethered reports and complaints (and that even without reports or complaints from Plaintiff, the employer [Defendant Lake County, would have known and should have known), Lake County (with Oscar Martinez, et al.) retaliated against Doe when Lake County accused Doe of and by the following:

        a)      that a male officer stood over Doe and she then took his penis into her mouth.

        b)      Defendant Lake County (joined by the other Defendants assert there is a video of penis inside of Doe's mouth).

        c)      And that Lake County with its Sheriff holds there were 40 instances of a male officer's penis inside of Plaintiff's mouth.

        d)      Defendant Lake County claims there is video of [the] 40 acts and that the aforementioned Defendants --in particular Lake County, Defendant McClusky, and Sheriff Martinez-- contend that for approximately 2 minutes, a

21

shadow of Doe's her head proceeds to move in a back-and-forth motion indicating possible oral sex.

e)     Where Lake County, Oscar Martinez, and Mr. McClusky retaliated against Doe by holding there are video scenes between Doe and a male officer that depict what appears to be contact in areas that are erogenous by definition, specifically the lower waist, crotch and buttocks area.

f)     Where Lake County, Oscar Martinez, and Mr. McClusky hold there are video scenes of Doe and a male officer that depict romantic interaction that evolved into a sexual encounter, with the male officer being the recipient of the act being performed.

g)     Where Lake County\Martinez threatened to distribute pornography of Doe giving oral sex to man if she did not resign.

h)     Lake County suspended her.


7.     Plaintiff did suffer harm and incurred.

8.     Defendant proximately caused Plaintiff's harm, injury, and damages.

9.     Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.


WHEREFORE, and that there is sought, judgment against Defendant Lake County for actual, general, special, compensatory damages in an amount in excess of $500,000.00, and further demands judgment for punitive damages as well as for the costs of this action, including

attorney's fees where permitted, in concert with the Laffey Matrix, and such other relief
deemed to be just and equitable.

## COUNT VI: 42 U.S.C. § 2000E-2( SEX DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORK ENVIORNMENT)
### (Applies to Lake County)

(1)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all
preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the
same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of
this count.

(2)    Plaintiff engaged in Constitutionally protected activity when she complained
and reported to Defendants of sex discrimination, sexual harassment, and a sexually hostile
work environment.

(3)    Plaintiff was retaliated against for such complaints, to include having been
threatened with revenge porn. Such represents a material adverse employment action.

(4)    Plaintiff terms and conditions were altered by the threat of revenge porn as well
as by pervasive sexual harassment of her person (to include a women's substantial bodily
integrity).

(5)    Defendant was on notice of the misconduct (sex discrimination, sexual
harassment, hostile work environment and all of which altered terms and conditions of
employment) in issue and failed to take reasonable steps to stop it and to protect Plaintiff from
the misconduct, etc.

(6)    Lake County violated Title VII when it failed to act to protect Plaintiff.

(7)    Lake County engaged in sex discrimination and sexual harassment (tethered to sexual harassment) when Lake County accused Doe of and by the following:

a)    that a male officer stood over Doe and she then took his penis into her mouth.

b)    Defendant Lake County (joined by the other Defendants assert there is a video of penis inside of Doe's mouth).

c)    And that Lake County with its Sheriff, holds there were 40 instances of a male officer's penis inside of Plaintiff's mouth.

d)    Defendant Lake County and Defendant Martinez claim there are videos of the 40 acts and that the aforementioned Defendants --in particular Lake County, Defendant McClusky, and Sheriff Martinez-- contend that for approximately 2 minutes, a shadow of Doe's her head proceeds to move in a back-and-forth motion indicating possible oral sex.

e)    Where Lake County, Oscar Martinez, and Mr. McClusky held and continue to hold there are video scenes between Doe and a male officer that depict what appears to be contact in areas that are erogenous by definition, specifically the lower waist, crotch and buttocks area.

f)    Where Lake County, Oscar Martinez, and Mr. McClusky hold there are video scenes of Doe and a male officer that depict romantic interaction that evolved into a sexual encounter with the male officer being the recipient of the oral act being performed.

g)    Where Lake County\Martinez (et al.) threatened to distribute pornography of Doe giving oral sex to man if she did not resign.

(8)     Plaintiff was subjected to sex discrimination, sexual harassment and

accompanying sexually hostile work environment because she is female.

(9)     Plaintiff found the conduct offensive and law violative.

(10)    An objectively reasonable woman would have the conduct offensive and law

violative, as did Plaintiff.

(11)    But for Plaintiff being a woman, Doe would not have been subjected to the

conduct in issue.

(12)    Defendant Lake County was on notice of the misconduct in issue and failed to

take reasonable steps to stop it and to protect Plaintiff from the misconduct.

(13)    Plaintiff did suffer harm as a result of the conduct, misconduct, and omissions

to act.

(14)    Defendant proximately caused Plaintiff's harm, injury, and damages.

(15)    Plaintiff suffered harm to include deprivation of rights, pain and suffering;

stigma; loss of income; humiliation; and garden variety stress.

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general,

special, compensatory damages in excess of $500,000.00, plus punitive damages and further

demands judgment against Defendants jointly and severally, and for the costs of this action,

including attorney's fees, and such other relief deemed to be just and equitable. Additionally

that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's

Department Jail environment is free, to a reasonable extent possible, of conditions adverse and

degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

## <u>COUNT VII:  INTERFERENCE WITH AN EMPLOYMENT RELATIONSHIP</u>

(1)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth.  The facts section is to be read as Paragraph 1 of this count.

(2)     (a) An employment relationship existed between Plaintiff and Lake County; (b) Defendant Lake County (as well as all of the defendants) knew of the employment relationship; (c) Defendants intentionally interfered with the employment relationship; (d) No justification existed for defendants' conduct; and (e) Plaintiff was damaged as a result.

(3)    Defendants proximately caused the harm, injury, and damages.

(4)    Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.


**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $500,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

## COUNT VIII
## INTENTIONAL INFLICTION OF MENTAL-EMOTIONAL STRESS
### (Applies to all Defendants)

1.      All previous paragraphs are incorporated herein and read as paragraph one (1).

2.      There was extreme and outrageous conduct by Defendants intentionally (caused) as well as recklessly caused –and that such conduct caused severe emotional distress to another...namely Plaintiff Doe.

3.      Additionally, as to this count and the negligence count, the Defendants intentionally and knowingly failed to protect Plaintiff as well as subjected Plaintiff to sexual abuse and harassment (to include a hostile work environment) based on their (Defendants') erroneous positions of\that Plaintiff gave oral sex to men on duty; that Plaintiff engaged in sex on duty; that Plaintiff was sexual with inmates; and that Plaintiff gave oral sex to a male officer forty (40) times.

4.       The Defendants acted intentionally, recklessly; willfully, wantonly and the Defendants' conduct was extreme and outrageous; and the conduct caused severe emotional **distress**.

5.      That as a proximate result of the negligence of the Defendants, the Plaintiff incurred medical expenses, a need for treatment, and/or intangible damages of a nature as to require compensation.

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $500,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Additionally that Defendants are compelled to ensure that the work Lake County Indiana

Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions

adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's

Department.

## COUNT IX:  ORDINARY NEGLIGENCE

1.     All previous paragraphs are incorporated herein and read as paragraph one (1).

2.     Defendants owed a duty of care to Plaintiff.

3.     Defendants owed a duty of care not to enable a sexually charged hostile work

environment in which Doe was described as giving oral sex to men, and that she had sex on

duty at the jail.

4.     Defendants breached that duty and Plaintiff was harmed.

5.     Defendants owed a duty of care to protect Plaintiff from claims by Lake

County employees, etc., workplace rumors, accusations, and conclusions that she was giving

oral sex to men, and that she had sex on duty.

6.     Defendants breached that duty and Plaintiff  was harmed.

7.     Defendants owed a duty of care not to threaten her employment with revenge

porn or to allow one or more of her agents to threaten her with revenge porn (dissemination of

pornography…).

8.     Defendants breached that duty.

9.     Plaintiff was harmed.

10.    The Defendants acted maliciously, intentionally, recklessly; willfully, wantonly

and the Defendants' conduct was extreme and outrageous; and the conduct caused severe

emotional **distress.**

11.     That as a proximate result of the negligence of the Defendants, the Plaintiff suffered tangible and/or intangible damages of a nature as to require compensation.  And that Plaintiff required mental health treatment.

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $500,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's Department Jail environment is free, to a reasonable extent possible, of conditions adverse and degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

### COUNT 10:  INDEMNIFICATION
### (Applies to Lake County)

(1)     All previous paragraphs are incorporated herein and read as paragraph one (1).

(2)     Lake County is herein named as to the indemnifier of the Defendants in their individual capacities in concert with *Cox v. Evansville Police Dept.,* 107 NE 3d 453 (Ind 2018).

**WHEREFORE**, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in excess of $500,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Additionally that Defendants are compelled to ensure that the work Lake County Indiana Sheriff's

Department Jail environment is free, to a reasonable extent possible, of conditions adverse and

degrading to women\female employees of the Lake County, Indiana Sheriff's Department.

**\*Plaintiff hereby makes a demand for a Jury.**

DATED:  July 4, 2024
Respectfully Submitted,
s\Christopher Cooper, ESQ., Plaintiff's Counsel
A FRATERNAL ORDER OF POLICE LEGAL DEFENSE PLAN ATTORNEY
Law Office of Christopher Cooper, INC.
426 N. Broad St., Griffith, IN 46319
Tel: 312 473 2968; 219 228 4396; FAX: 866 334 7458
E-Mail: cooperlaw3234@gmail.com

CERTIFICATE OF SERVICE:  The undersigned affirms that he caused the foregoing to be
filed in ECF on July 4, 2024, July 31, 2024,August 2, 2024, August 22, 2024 and that all
Defendants, except Mr. McClusky, are registered e-filers.  Service to Mr. McClusky must be
made by service requirements of FRCP 4.
s/Christopher Cooper